IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
    v.                      )        2:15cr202-MHT
                            )            (WO)
KENNETH LAMAR HENDERSON     )
```

OPINION AND ORDER

This criminal cause is before the court on the question whether defendant Kenneth Lamar Henderson has the mental capacity to stand trial.  The court finds, first, that Henderson is currently incompetent to stand trial; second, that there exists a substantial probability that in the foreseeable future Henderson will attain the capacity to permit the criminal proceedings against him to go forward; and finally, that he should be recommitted to the custody of the Attorney General and hospitalized for treatment for a reasonable period of time, not to exceed four months, until his mental condition is so improved that trial may proceed, that is, until his mentally competency has been restored.

At a competency hearing held on July 22, 2015, the court discussed with the parties several further questions to be assessed by Henderson's evaluators at the Bureau of Prisons during his commitment for restoration.  Those further questions will be addressed in a subsequent order.

### A. Competency and Capacity Determinations

Henderson is charged with "knowingly threaten[ing] to assault and murder a United States official, to wit, an employee of the Social Security Administration," in violation of 18 U.S.C. § 115(a)(1)(B), and "knowingly possess[ing] ... a dangerous weapon in a federal facility," in violation of 18 U.S.C. § 930(b).

The government moved for a competency evaluation shortly after Henderson's arrest based on information it had received regarding his mental-health status. Henderson then was committed to custody of the Bureau of Prisons to determine whether he was competent to

stand trial, and there he was evaluated by Dr. Randall Rattan, a forensic psychologist.

After an extensive clinical interview and psychological testing, Dr. Rattan submitted his evaluation to the court. See Psychological Evaluation by Randall Rattan, Ph.D., ABPP (doc. no. 21). Dr. Rattan diagnosed Henderson with Schizoaffective Disorder (bipolar type) and a substance-related disorder, and he noted that Henderson also had features of Antisocial Personality Disorder. As Dr. Rattan described, Henderson experiences symptoms of both psychosis and mood disruptions, including delusions, hallucinations, and mania; he has suffered from similar symptoms throughout his childhood and adult life. He also has a documented history of medication non-compliance, and it was not clear whether he was appropriately medicated or compliant with his medication during the evaluation period. Though Henderson's symptoms can be controlled and he can function adequately when he is appropriately medicated,

3

he "decompensates quickly" without psychotropic medication. Id. at 11. Dr. Rattan concluded that Henderson is currently incompetent to stand trial, but that there exists a substantial probability that Henderson's competency can be restored in the foreseeable future. Id. at 12.

At the July 22 competency hearing Henderson was present, and neither side objected to Dr. Rattan's conclusions or presented further evidence as to Henderson's competency. Defense counsel explained that Henderson's mental condition was rapidly deteriorating; Henderson's remarks to the court, which were either off-topic or entirely unintelligible, affirmed her concern.

After reviewing the Dr. Rattan's competency report, and without objection from either side, the court concludes that Henderson is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

4

proceedings against him and to assist properly in his defense.  See 18 U.S.C. § 4241(d).  In short, the court finds that, currently, Henderson is not mentally competent to stand trial.  The court also finds that there exists a substantial probability that in the foreseeable future Henderson will attain the capacity to permit the proceedings to go forward.  Id.

B. Restoration Recommitment

Once a defendant has been found incompetent to stand trial pursuant to 18 U.S.C. § 4241(d), and after it has been determined pursuant to 18 U.S.C. § 4241(d)(1) that there exists a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward, the court must order, pursuant to subpart (d)(2) of § 4241, that the defendant be committed to the Attorney General for hospitalization until his mental condition is so improved that trial may proceed, or the pending charges against him are disposed of

according to law.  18 U.S.C. § 4241(d)(2).  Section 4241(d)(1) limits a "reasonable" period of restoration-related confinement to four months; the court will adopt that same period of confinement for Henderson's commitment under § 4241(d)(2).

Accordingly, pursuant to § 4241(d)(2), the court will order that Henderson be recommitted to the custody of the Attorney General to be hospitalized for treatment for a reasonable period of time, not to exceed four months, until his mental condition is so improved that trial may proceed.

The court will further order that no later than the expiration of the four-month period, the Bureau of Prisons is to prepare and file a psychological report with this court, summarizing the course of Henderson's treatment and evaluation and stating its findings, opinions, and conclusions regarding Henderson's attainment of competency to proceed in this case.

* * *

Accordingly, it is ORDERED as follows:

(1) It is declared, pursuant to 18 U.S.C. § 4241(d), that defendant Kenneth Lamar Henderson is currently mentally incompetent to stand trial in this cause, that is, defendant Henderson is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist in his defense.

(2) It is further declared, pursuant to 18 U.S.C. § 4241(d)(1), that there is a substantial probability that in the foreseeable future defendant Henderson will attain the capacity to permit the proceedings to go forward.

(3) Pursuant to 18 U.S.C. § 4241(d)(2), defendant Henderson is recommitted to the custody of the Attorney General to be hospitalized for treatment for such reasonable period of time, not to exceed four months from the date of his admission to the appropriate federal mental-health facility, as is necessary until

his mental condition is so improved that trial may proceed.  Not later than four months from the date of defendant Henderson's admission to the appropriate federal mental-health facility, the examiners designated to conduct or supervise defendant Henderson's treatment shall file with this court and counsel of record a psychological report, in writing, that shall summarize the course of defendant Henderson's treatment and evaluation and state their findings, opinions, and conclusions regarding defendant Henderson's attainment of competency to proceed in this case.

(4) Because defendant Henderson's mental condition continues to deteriorate rapidly; because, according to the evidence, he is even becoming disruptive in the local jail, jeopardizing his own mental and physical health and safety as well as the health and safety of those around him; and because his need for mental-health treatment is, thus, a matter of emergency, the

United States Marshal is directed to transport him to the designated Bureau of Prisons facility by no later than July 27, 2015.  Every day matters insofar as defendant Henderson's mental health and safety are concerned.

DONE, this the 23rd day of July, 2015.

                           /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**