IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )       CRIMINAL ACTION NO.
     v.                     )          2:15cr202-MHT
                            )              (WO)
KENNETH LAMAR HENDERSON     )
```

SUPPLEMENTAL OPINION AND ORDER

In a previous opinion, the court found, first, that defendant Kenneth Lamar Henderson is not competent to stand trial, that is, Henderson currently is not able to understand the nature and consequences of the proceedings against him and assist properly in his defense; and, second, that there exists a substantial probability that in the foreseeable future Henderson will attain the capacity to permit the criminal proceedings against him to go forward. The court then committed Henderson to the custody of the Bureau of Prisons to be hospitalized for treatment for a reasonable period, not to exceed four months, until his competency is restored.

By this supplemental opinion, the court orders that, during the period that Henderson is in the custody of the Bureau of Prisons for restoration, he be evaluated as to three additional questions related to his mental health: (1) whether he was sane at the time of the offenses charged; (2) whether, if convicted, he requires hospitalization in lieu of incarceration, or instead may require other forms of treatment during or after incarceration; and (3) whether, if his competency cannot be restored, he suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

When a criminal defendant raises serious mental-health concerns, one or more proceedings often follow. If the defendant has been found incompetent to stand trial, the court is required to commit him to the custody of the Bureau of Prisons so that his competency may be restored, as it has done for Henderson. If that

2

effort is successful, the criminal trial will ensue, and the defendant may raise the defense of insanity at the time of the offense, pursuant to 18 U.S.C. § 4242. If the criminal trial results in a conviction, the defendant may be recommended to undergo hospitalization in lieu of incarceration, pursuant to 18 U.S.C. § 4244, or he may require mental-health treatment during or after his term of incarceration.  Alternatively, if the Bureau of Prisons is not able to restore the defendant's mental competency, and if he is found to be dangerous, he may be detained indefinitely to be hospitalized for treatment, pursuant to 18 U.S.C. § 4246.

When such issues arise, the court requires an expert evaluation to assist in its determinations. These evaluations all are conducted pursuant to the statutory guidelines outlined in 18 U.S.C. § 4247(b) and (c), but each issue requires the examiner to make a distinct ultimate finding, relevant to the particular

question raised. These evaluations also often require the court to send off the defendant for additional, successive periods of commitment.

Successive psychiatric recommitments cause inconvenience to the defendant. With returns to a local jail, they also can disrupt the course of treatment for a defendant with serious mental-health issues. Therefore, because the court predicts that Henderson's case will require the court to make one or more of the above determinations, the court seeks, to the extent these determinations can be made now during the restoration recommitment as previously ordered, a global assessment of the mental-health concerns that it expects will arise in this case. The court reviews each finding it requests below.

1. Insanity at the Time of the Offenses Charged

Counsel for Henderson has indicated to the court that, if Henderson is restored to competency and his

4

case proceeds to trial, he intends to raise the defense of insanity at the time of the offense.

Ordinarily, a court orders a psychological examination to determine insanity at the time of the offense only after a defendant has filed a notice pursuant to Federal Rule of Criminal Procedure 12.2 and the government has made a motion for such examination. 18 U.S.C. § 4242(a); Fed. R. Crim. Pro. 12.2(a) and (c). However, "Rule 12.2 is not the exclusive source of the power to order a mental examination, as the court, in its inherent powers over the administration of criminal justice, has the authority to order a psychological examination under appropriate circumstances." United States v. Pfeifer, 2014 WL 6673844, at *3 (M.D. Ala. 2014) (Thompson, J.); see also United States v. McSherry, 226 F.3d 153, 155-56 (2d Cir. 2000) (collecting cases). "When a defendant does not knowingly and voluntarily request a psychological examination for the insanity

5

determination, an order requiring the examination may raise a Fifth Amendment concern, though 'courts have regularly surmounted this hurdle when the Government has asked for such an examination after the defendant has raised the insanity defense and has introduced or has indicated that he will introduce' testimony of his own examining psychiatrist." Pfeifer, 2014 WL 6673844, at *3 (quoting United States v. Malcolm, 475 F.2d 420, 425 (9th Cir. 1973)); see also United States v. Byers, 740 F.2d 1104 (D.C. Cir. 1984) (noting uniformity among "virtually all" courts of appeals that "where the defendant has interposed the defense of insanity, the Fifth Amendment's privilege against self-incrimination is not violated by a court-ordered psychiatric examination").

Here, both defense counsel and the government have requested orally that the court order the Bureau of Prisons to attempt this examination during the upcoming restoration-related commitment. "The court finds that

6

these requests provide a sufficient basis to overcome any Fifth Amendment concern and to empower this court to order this examination." Pfeifer, 2014 WL 6673844, at *4.

Therefore, the court will order that, if, during the course of the current recommitment for restoration, his mental condition allows for an insanity determination, the Bureau of Prisons is to examine Henderson and make a determination of whether he was insane at the time of the offenses charged.

2. Hospitalization or Treatment Recommendations

If his criminal trial results in a conviction, Henderson faces a potentially lengthy period of incarceration. But his history of severe mental illness and the charges now before the court raise the question as to whether he should be incarcerated at all.

7

18 U.S.C. § 4244 "allows for hospitalization rather than mere imprisonment for a defendant who requires inpatient mental-health treatment." United States v. Hollon, 2012 WL 5498002 at *2 (M.D. Ala. 2012) (Thompson, J.). Section 4244 provides that either party or the court may move for a hearing on the present mental condition of the defendant to determine whether hospitalization in lieu of incarceration is warranted if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244.

Because § 4244 applies to convicted persons, the court does not move for such a hearing at this time. But, of course, it may need to in the future. Therefore, the court will order that the Bureau's psychological evaluation also address whether Henderson is suffering from a mental disease or defect as a

8

result of which he would be in need of custody for care or treatment in a suitable facility in lieu of incarceration, if he were to be convicted. Alternatively, if the examiner concludes that Henderson is not suffering from a mental disease or defect such as to require his custody for care or treatment in a suitable facility, the examiner should also offer an opinion concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need.  <u>See</u> 18 U.S.C. § 4244(b).  These "sentencing alternatives" could include recommendations for treatment in prison as well as treatment that follows imprisonment.

### 3. Substantial-Risk Determination

After a defendant has been committed to the custody of the Bureau of Prisons so that his competency may be restored pursuant to 18 U.S.C. § 4241(d)(1) or (d)(2), the defendant may be hospitalized for treatment for a

reasonable period of time.  If, after that period, the court finds that there is little or no chance that the defendant will become competent to stand trial, the defendant then becomes subject to the provisions of 18 U.S.C. § 4246, which contemplates that the Attorney General will seek to commit civilly an incompetent defendant if he is found to be dangerous.  See <u>United States v. Morris</u>, 550 F. Supp. 2d 1290, 1293 (M.D. Ala. 2008) (Thompson, J.).  Under the provisions of that statute, a defendant who is not competent to stand trial cannot be released if the court finds that the defendant suffers "from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."  18 U.S.C. § 4246.

Defense counsel has requested that, if possible, this determination be made during Henderson's current period of recommitment, to minimize any harm that could come to him as a result of interrupted treatment.

10

Therefore, the court will order that, if the examiner concludes that it is unlikely that Henderson's competency can be restored so that he can stand trial, the examiner should also offer an opinion pursuant to 18 U.S.C. § 4246(b) as to whether his release would create a substantial risk of harm to others or to property.

\* \* \*

Defendant Kenneth Lamar Henderson's examiners at the Bureau of Prisons have already been ordered to file with this court a psychological report describing Henderson's treatment and an evaluation of his attainment of competency. Accordingly, it is ORDERED that, pursuant to 18 U.S.C. § 4247(b) and (c), this report also state the findings, opinions, and conclusions of the examiners based on the following contingencies:

(1) If defendant Henderson's mental condition allows and pursuant to 18 U.S.C. § 4242: whether defendant Henderson was insane at the time of the offense charged.

(2) If defendant Henderson's mental competency is restored and pursuant to 18 U.S.C. § 4244: the recommendations for post-conviction hospitalization and treatment as follows:

  (a) Should defendant Henderson be convicted: whether he would require custody for care or treatment in a suitable facility in lieu of incarceration; or

  (b) Should defendant Henderson be convicted and should the examiners conclude that he would not require custody for care or treatment in a suitable facility lieu of incarceration: what sentencing alternatives would best afford him the kind of treatment he would need.

12

(3) **If defendant Henderson's competency cannot be restored within the prescribed period, that is, four months, and pursuant to 18 U.S.C. § 4246: whether he is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.**

The clerk of the court is DIRECTED to arrange for the transmittal of this supplemental opinion and order, along with the opinion and order dated July 23, 2015, to the appropriate Bureau of Prisons officials.

DONE, this the 27th day of July, 2015.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**