```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
     v.                     )         2:15cr202-MHT
                            )             (WO)
KENNETH LAMAR HENDERSON     )
```

OPINION AND ORDER

Defendant Kenneth Lamar Henderson is charged with threatening employees of the Social Security Administration and bringing a weapon onto federal property. Henderson was previously found incompetent and recommitted to the custody of the Attorney General for purposes of competency restoration. See United States v. Henderson, No. 2:15CR202-MHT, 2015 WL 4496361 (M.D. Ala. July 23, 2015), supplemented, 2015 WL 4528756 (M.D. Ala. July 27, 2015) (Thompson, J.). This case is now before the court on the question whether Henderson has successfully regained the mental capacity to stand trial. For the reasons that follow, the court finds that he has.

Within two weeks after the criminal complaint was filed in this case, and on the government's own motion,

the magistrate judge ordered that a psychological evaluation of Henderson be conducted pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c), having found "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," 18 U.S.C. § 4241(a).

Dr. Randall Rattan, a forensic psychologist employed by the Bureau of Prisons (BOP), diagnosed Henderson with schizoaffective disorder of bipolar type (as well as other disorders not bearing directly on competency) and found that, although his psychosis can be adequately controlled with medication, he has a history of noncompliance and "decompensates quickly." Psychol. Evaluation (doc. no. 21), at 11.  Although Henderson showed an adequate understanding of and rational approach to his case and the process of working with counsel during psychological assessments conducted early in the study period, he was reassessed

closer to the end of the period and found at that time to be "manic and delusional." Id. at 10. Dr. Rattan concluded that, when Henderson was in this latter state, he was incompetent, and suggested that Henderson be referred back to a federal medical center for purposes of competency restoration. Id. at 12.

After holding a competency hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), the court agreed, finding Henderson incompetent and ordering him committed to the custody of the Attorney General for the purpose of competency restoration pursuant to § 4241(d). See United States v. Henderson, No. 2:15CR202-MHT, 2015 WL 4496361 (M.D. Ala. July 23, 2015), supplemented, 2015 WL 4528756 (M.D. Ala. July 27, 2015) (Thompson, J.).

The BOP evaluators who reassessed Henderson concurred with Dr. Rattan's earlier diagnosis of schizoaffective disorder, but observed that, when Henderson continuously complied with an appropriate regimen of antipsychotic medication, he became competent to stand trial, despite the persistence of

some hallucinatory symptoms.  Competency Rep. (doc. no. 30-1) at 7.  Their report emphasized, however, that "[a]ny lapse in his treatment could lead to an exacerbation of his psychotic symptoms which could render him incompetent," and that "careful supervision and follow-up psychiatric care will be necessary for the defendant to maintain his present stability."  Id.

The court conducted a restoration hearing pursuant to 18 U.S.C. §§ 4241(e) and 4247(d), where it heard testimony to the same effect from Dr. Richart DeMier, the forensic psychologist who drafted this report. Specifically, Dr. DeMier reiterated that, although he believed Henderson currently to be competent, he might not remain so without monitoring to ensure that he receives and takes his medication and that his prescription remains appropriate.  Defense counsel presented no evidence, as the independent expert she had retained to assess Henderson concurred that he was now competent.  See Order (doc. no. 32) (authorizing Dr. Robert Shaffer to enter the facility where Henderson was being held in order to examine him).

4

Accordingly, based on Dr. DeMier's report and testimony, the court finds by a preponderance of the evidence that Henderson has "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense," and is thus competent to proceed to trial.  18 U.S.C. § 4241(e).

The court remains concerned, however, that if Henderson is not provided his prescribed medication without interruption, and that if his compliance with and the appropriateness of the regimen is not appropriately monitored by a psychiatrist, he could quickly revert to incompetence.

* * *

It is therefore ORDERED as follows:

(1) Defendant Kenneth Lamar Henderson is declared mentally competent to stand trial in this case.

(2) Pursuant to 18 U.S.C. § 4241(f), (A) this court's finding that defendant Henderson is mentally

competent to stand trial, and the report and testimony upon which that finding is based, shall not prejudice defendant Henderson in raising the issue of his insanity as a defense to the offenses charged; and (B) said report and testimony shall not be admissible as evidence in the trial of this case.

(3) Because defendant Henderson has a history of noncompliance with his medication regimen and because, when he is noncompliant, he decompensates quickly:

   (A) The United States Marshal for the Middle District of Alabama shall ensure that defendant Henderson receives his prescribed medication without interruption and that a qualified psychiatrist monitors his compliance and periodically reviews the appropriateness of that regimen; and

   (B) The qualified psychiatrist designated by the United States Marshal pursuant to the prior subparagraph shall file, at least once a month, a report stating his or her views as to whether defendant Henderson remains compliant with his medication regimen

and whether that regimen continues effectively to treat his mental illness.

DONE, this the 16th day of February, 2016.

                                             /s/ Myron H. Thompson  
                                             **UNITED STATES DISTRICT JUDGE**