IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:15-CR-202-JA-SRW |
| | ) | |
| KENNETH LAMAR HENDERSON | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:          Cecilia Vaca

ASSISTANT U.S. ATTORNEY:     Jonathan S. Ross

## COUNT AND STATUTE CHARGED

Count 1:      18 U.S.C. § 930(a) – Possession of a dangerous weapon in a federal facility

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT

Count 1:      18 U.S.C. § 930(a)

## STATUTORY MAXIMUM PENALTIES

Count 1:      18 U.S.C. § 930(a)

A term of imprisonment of not more than 1 year, a fine of not more than $100,000, or both; a term of supervised release of not more than 1 year; an assessment fee of $25; and an order of restitution.

## ELEMENT OF THE OFFENSE

Count 1:      18 U.S.C. § 930(a)

The defendant knowingly possessed or caused to be present a dangerous weapon within a federal facility.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jonathan S. Ross, Assistant United States Attorney, and Cecilia Vaca, attorney for the

defendant, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal

Procedure, have, with the authorization of the defendant, heretofore entered into discussions with

a view towards reaching a pretrial conclusion of the charges pending in the information and the indictment and the parties have reached a plea agreement. The parties submit the plea pursuant to Rule 11(c)(1)(B), and the parties understand that, the terms of the plea agreement do not bind the Court and if they are not accepted by the Court, the defendant will not be allowed to withdraw his plea of guilty. The parties further understand that, if at any time, the defendant breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1.      Upon entering a plea of guilty by the defendant to the offense charged in count 1 of the information, the following will occur:

a.      The Government will agree that a 2-level decrease in the applicable offense level pursuant to § 3E1.1(a) of the United States Sentencing Guidelines for the defendant's acceptance of responsibility is appropriate, so long as between the date of this agreement and the date of sentencing, the defendant does not obstruct justice, commit any new federal or state offense, or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if the defendant otherwise qualifies, the Government will move at the sentencing hearing for a further reduction of one level, pursuant to § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to § 3E1.1 is at the sole discretion of the Government.

b.      The Government will agree to recommend, pursuant to Rule 11(c)(1)(B),

2

that a term of imprisonment of one year and a term of supervised release of one year is the appropriate disposition of the case.

        c.     The Government will agree not to seek any upward departure from the applicable advisory Guidelines range, as determined by the Court at the sentencing hearing, and to not seek a variance.

        d.     The Government will move to dismiss the charges pending against the defendant in the indictment.

2.     The Government makes no representation regarding the defendant's criminal history category, which will be recommended by Probation, and determined by the Court.

3.     The Government reserves the right to inform the Court and the United States Probation Office (Probation) of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

### **DEFENDANT'S PROVISIONS**

4.     The defendant agrees with paragraphs 1 through 3 of the Government's provisions and further agrees to the following:

        a.     To plead guilty to count 1 of the information.

        b.     To not commit any state, federal, or local crimes pending sentencing.

        c.     To waive appeal and collateral attack as detailed below.

5.     The defendant expressly waives any right to argue for a sentence below the bottom of the advisory Guidelines range as calculated by the Court at the sentencing hearing. The defendant preserves, however, the right to object to Probation's recommended advisory Guidelines range, including specifically, the right to object to Probation's failure to recommend the application of any departure provision set forth in the Guidelines manual.

3

## FACTUAL BASIS

6.      The defendant admits the allegations charged in count 1 of the information and
understands that the nature of the charges to which the plea is offered involves proof as to count
1 of the information.  Specifically, the defendant admits the following to be true and correct:

      a.      On or about April 13, 2015, the defendant went to the office of the Social
Security Administration (SSA), a federal agency, located in Montgomery, Alabama, within the
Middle District of Alabama.

      b.      When the defendant entered the facility, he had in his pocket a dangerous
weapon, to wit, a kitchen knife approximately one foot long.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

7.      Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the
sentence under certain circumstances, the defendant expressly waives any and all rights
conferred by 18 U.S.C. § 3742 to appeal the sentence.  The defendant specifically waives the
right to appeal the sentence on the grounds that: (1) the advisory Guidelines are in any respect
unconstitutional; (2) any fact found by the Court for sentencing was not alleged in the
information, admitted by the defendant, found by a jury, or found beyond a reasonable doubt; (3)
the sentence imposed was unreasonable; or (4) that the Court erred in determining the applicable
Guidelines range pursuant to the United States Sentencing Guidelines.  The defendant further
expressly waives the right to appeal his conviction and sentence on any other ground and waives
the right to attack his conviction and sentence in any post-conviction proceeding, including
proceedings pursuant to 28 U.S.C. § 2255.  This waiver does not include the right to appeal on
the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally
attack the sentence imposed on those grounds.  But, other than those grounds, the defendant

4

expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

8.     In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in this case. The Government does not waive its right to appeal any order dismissing the information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the Government decides to exercise its right to appeal, the defendant is released from his appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742.

## APPLICATION OF THE SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

9.     The parties understand that the Court is neither a party to nor bound by this agreement. The Court may or may not follow the recommendation set forth in the agreement, or defer its decision until it has had an opportunity to consider the presentence report prepared by Probation. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the United States Sentencing Guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of Probation. The defendant understands that the Court is required to consider any applicable sentencing guidelines, but may depart from these provisions under some circumstances. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the defendant understands how the Guidelines are applicable to the defendant's case. The defendant further understands that the Court will consider the factors enumerated in 18 U.S.C. § 3553(a), in imposing a sentence. Specifically, the Court will consider:

(a)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(b)     the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(c)     the kinds of sentences available;

(d)     the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(e)     any pertinent policy statement    – (A) issued by the Sentencing Commission subject to any amendments made to such policy statement by act of Congress; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(f)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(g)     the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## THE DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

10.     The defendant, before entering a plea of guilty to count 1 of the information advises the Court that:

a.     The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.     The defendant acknowledges that a breach of this plea agreement by the defendant, including committing another federal, state, or local offense prior to sentencing on the pending charges, will not entitle him to withdraw his guilty plea in this case.  The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.     The defendant further understands that pursuant to 18 U.S.C. § 3103, the

$25.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the Office of the United States Attorney for the Middle District of Alabama. The defendant further understands that by completing and submitting to the Court or to the Government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

      d.     The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant and is represented by the defendant's attorney, Cecilia Vaca.

      e.     The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f.     The defendant further understands that in entering a plea of guilty, the Court may ask questions about the offenses to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or making a false statement if the answers are not truthful.

      g.     The defendant further understands and advises the Court that the plea

7

agreement as set forth and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the plea agreement. The defendant further advises the Court that the plea agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

h.     The defendant further advises the Court that the defendant's understanding of this plea agreement is as set forth in this document.

i.     The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court.

j.     The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the information, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the information, is admissible in a criminal proceeding for perjury or making a false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.     The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

11.     The attorneys for the Government and for the defendant represent to the Court that the foregoing plea agreement is the agreement of the parties that has been reached pursuant to the plea agreement procedure provided for in Rule 11 of the Federal Rules of Criminal

8

Procedure. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues; of the maximum possible penalty provided by law; that by the entering of a plea of guilty, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

12.    The defendant understands that Probation will prepare a presentence investigation report for the Court.  The probation officer will consider the defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history.  The offense level or criminal history category as calculated by the probation officer and determined by the court may differ from that projected by the defendant's counsel or the Government.  In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This 18th day of March, 2016.

Respectfully submitted,

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Criminal Chief

Jonathan S. Ross
Assistant United States Attorney

I have read the foregoing plea agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the plea agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Cecilia Vaca.

_____
Kenneth Lamar Henderson
Defendant

_____
Date

_____
Cecilia Vaca
Attorney for the Defendant

_____
Date

11